UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KLEIN TOOLS, INC., <br><br> Plaintiff, <br><br> v. <br><br> IDEAL INDUSTRIES, INC., <br><br> Defendant. | Case No: 1:19-cv-3604 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Klein Tools, Inc., (hereinafter "KLEIN"), by and through its undersigned counsel, files this complaint for patent infringement against Defendant Ideal Industries, Inc. (hereinafter "IDEAL"), and upon personal knowledge as to itself and on information and belief as to all other matters, hereby alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the patent laws of the United States, Title 35 of the United States Code, based on IDEAL's infringement of claims in patents owned by KLEIN, i.e., U.S. Patent No. 8,164,025 ("the '025 patent"), attached as Exhibit A; U.S. Patent No. 8,168,921 ( "the '921 patent"), attached as Exhibit B; U.S. Patent No. 8,212,178 ( "the '178 patent"), attached as Exhibit C; U.S. Patent No. 9,895,773 ( "the '773 patent"), attached as Exhibit D; and U.S. Patent No. 10,099,316 ( "the '316 patent"), attached as Exhibit E. KLEIN seeks damages for IDEAL's infringement, enhancement of damages due to IDEAL's willful infringement, and an injunction barring IDEAL from further infringement.

## THE PARTIES

2. KLEIN is a corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business at 450 Bond Street, Lincolnshire, Illinois 60069.

3. KLEIN designs, manufactures, and markets services and products, such as hand

tools, related to various industries including, but not limited to, the electrical, telecommunications, and construction industries.

4. On information and belief, IDEAL is a corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business at 1375 Park Avenue, Sycamore, Illinois 60178. IDEAL may be served through its registered agent, C T Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

5. IDEAL is a direct competitor of KLEIN. IDEAL also manufactures and markets products, such as hand tools, related to various industries, including the electrical, telecommunications, and construction industries.

## JURISDICTION AND VENUE

6. This action for patent infringement arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant IDEAL because, on information and belief, Defendant IDEAL's principal place of business is in Sycamore, Illinois, such that Defendant resides in the State of Illinois. Additionally, Defendant, at minimum, advertises, manufactures, offers to sell, sells, and distributes its products in Illinois, including this District, such that Defendant also maintains continuous and systematic general business contacts with the State of Illinois and this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant regularly conducts business in this District, and Defendant has committed a substantial part of the events or omissions giving rise to Plaintiff's claims in this District.

## THE PATENTS-IN-SUIT

9. The United States Patent and Trademark Office duly and legally issued the '025 patent on April 24, 2012; the '921 patent on May 1, 2012; the '178 patent on July 3, 2012; the '773 patent on February 20, 2018; and the '316 patent on October 16, 2018 (hereinafter "the

asserted patents"), to assignee Klein Tools, Inc., i.e., Plaintiff. The '025 patent, the '921 patent, the '773 patent, and the '316 patent are all continuations of the '178 patent.

10. KLEIN owns all rights, title, and interest in the asserted patents, with full rights to pursue recovery of royalties or damages for infringement of the asserted patents, including full rights to recover past and future damages.

11. Each and every claim of the asserted patents is valid and enforceable.

12. The asserted patents are generally directed to systems and methods for on-the-fly marking of fish tape with a laser.

13. Fish tape is used in the electrical industry to install wire into a conduit. The fish tape is typically inserted through the conduit from an open end. One or more strands of wire are then connected to an end of the fish tape protruding from the opposite end of the conduit, and the fish tape is pulled back through the conduit, leading the wire strand(s) through the conduit. As detailed in the asserted patents, a commonly used type of fish tape is made from high strength, flat steel tape. During use, it is typically desirable to measure the length of a particular conduit run and/or a location of an obstruction in the conduit. Prior to the invention encompassed by the asserted patents, these distances were typically measured by using measuring string attached to the fish tape, by manually marking the fish tape, or by using pre-marked fish tapes. However, fish tape markings would wear during use and provide inaccurate estimates, which could result in installers improperly cutting wires, leading to wasted material and money.

14. Therefore, prior to the invention encompassed by the asserted patents, there was a need for creating accurate markings on fish tape. However, one challenge in creating indelible and repeated markings on such steel tape is the weakening of the steel, for example, if a marking were to be carved into the material. An additional challenge is that, generally, the speed of the tape at it passes through a processing system is variable as the tape is unwound from one spool, passes through a cutting station, and is wound onto another spool. Accordingly, it is a challenge to mark lengths of flat steel as quickly and as accurately as possible during a manufacturing

process, which is necessary for reducing production cycle time and increasing a machine's production.

15. The invention of the asserted patents solves the above-identified challenges with an on-the-fly laser marking method and system, which provides accurate marking on a fish tape at high processing speeds for the fish tape manufacturing process.

16. KLEIN has practiced the asserted patents in connection with the commercialization of the products detailed below. Such products have been manufactured, sold, and distributed in the United States through various companies, and have enjoyed great commercial success.

## BACKGROUND

17. In March 2009, KLEIN introduced products that were produced by the methods and systems of the asserted patents, e.g., fish tapes with "permanent laser-etched markings every one foot on the entire length of the tape." (see, e.g., https://www.kleintools.com/content/klein-tools-announces-innovative-new-line-fish-tapes).

18. KLEIN makes and manufactures products with laser-etched markings, e.g., the 25' Steel Fish Tape available under Item No. 56005.

19. IDEAL competes with KLEIN for the sale of similar services and products, including fish tapes. On information and belief, IDEAL introduced laser-etched fish tapes with "1' increments," in August 2010, over a year after KLEIN's laser-etched fish tapes were introduced.

20. IDEAL continues to make, use, sell, and/or offer to sell fish tapes made using methods and systems of creating laser-etched markings on the fish tapes, including at least Thumb Winder™, Tape-Pak® Fish Tape, Tuff-Grip™ Pro Fish Tape, and Tuff-Grip™ Pro Stainless Steel products identified by the following stock keeping unit ("SKU") numbers: 31-010; 31-012; 31-033; 31-055; 31-056; 31-057; 31-058; 31-059; 31-066; 31-067 (hereinafter "the Accused Products"). (See, e.g., https://idealind.com/shop/product-type/fishing-bending-lubes.html, and https://idealind.com/content/dam/electrical/assets/ToolsSupplies/Electrical%

20Tools/Fish%20Tapes/Accessories/Fish%20Tape%20Leaders/Fish%20Tape%20Sell%20Sheet.pdf).

21. Upon information and belief, the Accused Products are sold nationwide.

22. An image of one of IDEAL's Accused Products, obtained and analyzed by KLEIN, having laser-etched distance markings is provided below – the laser-etched distance markings on the tape have been circled:



23. On information and belief, the laser-etchings on the Accused Products are made using systems and methods for on-the-fly marking, wherein a controller responds to both a speed signal and a distance signal, and wherein the controller is responsive to the distance signal to initiate the laser marking of the fish tape at a predetermined marking interval, and is responsive to the speed signal to direct the laser to correlate emission of the laser beam with the speed of the fish tape.

24. On August 8, 2012, KLEIN notified IDEAL of KLEIN's '025, '921 and '178 patents, and offered IDEAL a royalty-bearing license of those patents. KLEIN also notified IDEAL of the '773 patent on January 17, 2019, and of the '316 patent on April 30, 2019.

25. IDEAL declined to license the '025, '921 and '178 patents on May 15, 2013, and subsequently declined to license the '773 and '316 patents. Furthermore, despite having knowledge of Klein's Laser Marking patents beginning in August 2012, IDEAL has failed to provide to KLEIN any information regarding its laser-marking methods and systems that would support a conclusion of non-infringement. At no time has IDEAL stated to KLEIN that its

systems and methods do not use on-the-fly marking, as required by the asserted patents. IDEAL most recently failed to provide a detailed technical explanation supporting any non-infringement position, which KLEIN requested on April 30, 2019.

## COUNT I

### (Infringement of United States Patent No. 8,164,025)

26. KLEIN refers to and incorporates the allegations of Paragraphs 1–25 above.

27. IDEAL has been and now is infringing the '025 patent in the State of Illinois, including this District, and elsewhere in the United States, directly or indirectly, by making, using, importing, offering to sell, and/or selling in the United States products made by a method of marking a fish tape that includes each and every limitation, or an equivalent thereof, as recited in at least claim 1 of the '025 patent in violation of 35 U.S.C. § 271, including at least the Accused Products, which contain laser-etchings produced by on-the-fly marking methods.

28. IDEAL's acts of infringement of the '025 patent have been undertaken without authority, permission, or license from KLEIN, and IDEAL will continue to infringe unless enjoined from doing so.

29. IDEAL's infringement of the '025 patent has caused and will continue to cause KLEIN both monetary damage and irreparable harm for which it has no adequate remedy at law.

30. KLEIN has suffered and will continue to suffer damage to its business by reason of IDEAL's acts of infringement of the '025 patent as alleged herein, and thus KLEIN is entitled to recover the damages from IDEAL sustained as a result of IDEAL's acts pursuant to 35 U.S.C. § 284.

31. IDEAL has had knowledge of the '025 patent as early as August 2012, when KLEIN invited IDEAL to license the '025 patent. IDEAL is aware that the '025 patent is valid and enforceable, and yet, has not only continued to participate in infringing conduct, but on information and belief, has also refused to take steps to avoid infringement. Thus, IDEAL's infringement was intentional and willful, such that KLEIN is entitled to enhanced damages under 35 U.S.C. § 284.

32. Similarly, on information and belief, IDEAL's actions make this an exceptional case within the meaning of 35 U.S.C. § 285, which entitles KLEIN to an award of its attorneys' fees.

33. Further, in accordance with the principles of equity, KLEIN is entitled to a permanent injunction preventing IDEAL from further infringing the '025 patent.

## COUNT II

### (Infringement of United States Patent No. 8,168,921)

34. KLEIN refers to and incorporates the allegations of Paragraphs 1–33 above.

35. IDEAL has been and now is infringing the '921 patent in the State of Illinois, including this District, and elsewhere in the United States, directly or indirectly, by making, using, importing, offering to sell, and/or selling in the United States products made by a laser marking system for marking a material that includes each and every limitation, or an equivalent thereof, as recited in at least claim 1 of the '921 patent in violation of 35 U.S.C. § 271, including but not limited to the Accused Products, which contain laser-etchings produced by on-the-fly marking systems.

36. IDEAL's acts of infringement of the '921 patent have been undertaken without authority, permission, or license from KLEIN, and IDEAL will continue to infringe unless enjoined from doing so.

37. IDEAL's infringement of the '921 patent has caused and will continue to cause KLEIN both monetary damage and irreparable harm for which it has no adequate remedy at law.

38. KLEIN has suffered and will continue to suffer damage to its business by reason of IDEAL's acts of infringement of the '921 patent as alleged herein, and thus KLEIN is entitled to recover the damages from IDEAL sustained as a result of IDEAL's acts pursuant to 35 U.S.C. § 284.

39. IDEAL has had knowledge of the '921 patent as early as August 2012, when KLEIN invited IDEAL to license the '921 patent. IDEAL is aware that the '921 patent is valid

and enforceable, and yet, has not only continued to participate in infringing conduct, but on information and belief, has also refused to take steps to avoid infringement. Thus, IDEAL's infringement was intentional and willful, such that KLEIN is entitled to enhanced damages under 35 U.S.C. § 284.

40. Similarly, on information and belief, IDEAL's actions make this an exceptional case within the meaning of 35 U.S.C. § 285, which entitles KLEIN to an award of its attorneys' fees.

41. Further, in accordance with the principles of equity, KLEIN is entitled to a permanent injunction preventing IDEAL from further infringing the '921 patent.

## COUNT III

### (Infringement of United States Patent No. 8,212,178)

42. KLEIN refers to and incorporates the allegations of Paragraphs 1–41 above.

43. IDEAL has been and now is infringing the '178 patent in the State of Illinois, including this District, and elsewhere in the United States, directly or indirectly, by making, using, importing, offering to sell, and/or selling in the United States products made by a laser marking system for marking a material that includes each and every limitation, or an equivalent thereof, as recited in at least claim 1 of the '178 patent in violation of 35 U.S.C. § 271, including at least the Accused Products, which contain laser-etchings produced by on-the-fly marking systems.

44. IDEAL's acts of infringement of the '178 patent have been undertaken without authority, permission, or license from KLEIN, and IDEAL will continue to infringe unless enjoined from doing so.

45. IDEAL's infringement of the '178 patent has caused and will continue to cause KLEIN both monetary damage and irreparable harm for which it has no adequate remedy at law.

46. KLEIN has suffered and will continue to suffer damage to its business by reason of IDEAL's acts of infringement of the '178 patent as alleged herein, and thus KLEIN is entitled

to recover the damages from IDEAL sustained as a result of IDEAL's acts pursuant to 35 U.S.C. § 284.

47. IDEAL has had knowledge of the '178 patent as early as August 2012, when KLEIN invited IDEAL to license the '178 patent. IDEAL is aware that the '025 patent is valid and enforceable, and yet, has not only continued to participate in infringing conduct, but on information and belief, has also refused to take steps to avoid infringement. Thus, IDEAL's infringement was intentional and willful, such that KLEIN is entitled to enhanced damages under 35 U.S.C. § 284.

48. Similarly, on information and belief, IDEAL's actions make this an exceptional case within the meaning of 35 U.S.C. § 285, which entitles KLEIN to an award of its attorneys' fees.

49. Further, in accordance with the principles of equity, KLEIN is entitled to a permanent injunction preventing IDEAL from further infringing the '178 patent.

## COUNT IV

### (Infringement of United States Patent No. 9,895,773)

50. KLEIN refers to and incorporates the allegations of Paragraphs 1–49 above.

51. IDEAL has been and now is infringing the '773 patent in the State of Illinois, including this District, and elsewhere in the United States, directly or indirectly, by making, using, importing, offering to sell, and/or selling in the United States products made by a system that includes each and every limitation, or an equivalent thereof, as recited in at least claim 1 of the '773 patent in violation of 35 U.S.C. § 271, including but not limited to the Accused Products, which contain laser-etchings produced by on-the-fly marking systems.

52. IDEAL's acts of infringement of the '773 patent have been undertaken without authority, permission, or license from KLEIN, and IDEAL will continue to infringe unless enjoined from doing so.

53. IDEAL's infringement of the '773 patent has caused and will continue to cause KLEIN both monetary damage and irreparable harm for which it has no adequate remedy at law.

54. KLEIN has suffered and will continue to suffer damage to its business by reason of IDEAL's acts of infringement of the '773 patent as alleged herein, and thus KLEIN is entitled to recover the damages from IDEAL sustained as a result of IDEAL's acts pursuant to 35 U.S.C. § 284.

55. The '773 patent is a continuation of the '178 patent, such that IDEAL should have been aware of the '773 patent as early as its issue date of February 20, 2018. Regardless, IDEAL has had knowledge of the '773 patent as early as January 17, 2019, when KLEIN notified IDEAL of the '773 patent. IDEAL is aware that the '773 patent is valid and enforceable, and yet, has not only continued to participate in infringing conduct, but on information and belief, has also refused to take steps to avoid infringement. Thus, IDEAL's infringement was intentional and willful, such that KLEIN is entitled to enhanced damages under 35 U.S.C. § 284.

56. Similarly, on information and belief, IDEAL's actions make this an exceptional case within the meaning of 35 U.S.C. § 285, which entitles KLEIN to an award of its attorneys' fees.

57. Further, in accordance with the principles of equity, KLEIN is entitled to a permanent injunction preventing IDEAL from further infringing the '773 patent.

## COUNT V

### (Infringement of United States Patent No. 10,099,316)

58. KLEIN refers to and incorporates the allegations of Paragraphs 1–57 above.

59. IDEAL has been and now is infringing the '316 patent in the State of Illinois, including this District, and elsewhere in the United States, directly or indirectly, by making, using, importing, offering to sell, and/or selling in the United States products made by a system that includes each and every limitation, or an equivalent thereof, as recited in at least claim 1 of the '316 patent in violation of 35 U.S.C. § 271, including but not limited to the Accused Products, which contain laser-etchings produced by on-the-fly marking systems.

60. IDEAL's acts of infringement of the '316 patent have been undertaken without authority, permission, or license from KLEIN, and IDEAL will continue to infringe unless enjoined from doing so.

61. IDEAL's infringement of the '316 patent has caused and will continue to cause KLEIN both monetary damage and irreparable harm for which it has no adequate remedy at law.

62. KLEIN has suffered and will continue to suffer damage to its business by reason of IDEAL's acts of infringement of the '316 patent as alleged herein, and thus KLEIN is entitled to recover the damages from IDEAL sustained as a result of IDEAL's acts pursuant to 35 U.S.C. § 284.

63. The '316 patent is a continuation of the '178 patent, such that IDEAL should have been aware of the '316 patent as early as its issue date of October 16, 2018. Regardless, IDEAL has had knowledge of the '316 patent as early as April 30, 2019, when KLEIN notified IDEAL of the '316 patent. IDEAL is aware that the '316 patent is valid and enforceable, and yet, has not only continued to participate in infringing conduct, but on information and belief, has also refused to take steps to avoid infringement. Thus, IDEAL's infringement was intentional and willful, such that KLEIN is entitled to enhanced damages under 35 U.S.C. § 284.

64. Similarly, on information and belief, IDEAL's actions make this an exceptional case within the meaning of 35 U.S.C. § 285, which entitles KLEIN to an award of its attorneys' fees.

65. Further, in accordance with the principles of equity, KLEIN is entitled to a permanent injunction preventing IDEAL from further infringing the '316 patent.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff KLEIN, prays for the following relief:

1. That judgment be entered in favor of Klein Tools, Inc. with a finding that Ideal Industries, Inc., has infringed and is infringing claims of U.S. Patent Nos. 8,164,025; 8,168,921; 8,212,178; 9,895,773 and 10,099,316 in violation of 35 U.S.C. § 271;

2. That Klein Tools, Inc. be granted an accounting and award of all damages

sustained as a result of the infringement by Ideal Industries, Inc. of the asserted patents as herein alleged, in an amount not less than a reasonable royalty for Defendant's infringement;

3. That Klein Tools, Inc. be awarded interest, including prejudgment and post-judgment interest, on all damages under 35 U.S.C. § 284;

4. The Klein Tools, Inc. be awarded trebled damages pursuant to 35 U.S.C. § 284, in view of the willful and deliberate nature of Defendant's infringement of the asserted patents;

5. That this case be decreed an "exceptional case" within the meaning of 35 U.S.C. § 285, and that reasonable attorneys' fees, expenses, and costs be awarded to Klein Tools, Inc.;

6. That a permanent injunction be issued pursuant to 35 U.S.C. § 283, enjoining Ideal Industries, Inc., their officers, agents, servants, employees, successors, assigns, and all other persons acting in concert or participation with them from further infringement of United States Patent Nos. 8,164,025; 8,168,921; 8,212,178; 9,895,773 and 10,099,316; and

7. That Klein Tools, Inc. be awarded such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Klein Tools, Inc. hereby demands a trial by jury as to all issues so triable.

DATED: May 30, 2019

By: /s/ David M. Airan
David M. Airan
Elias P. Soupos
Catherine N. Taylor
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
180 N. Stetson Avenue
Chicago, Illinois 60601
(312) 616-5600 (Telephone)
(312) 616-5711 (Fax)

Attorneys for Plaintiff
KLEIN TOOLS, INC.